(No. 80-CC-0260 )

CHARLES S. LAWRENCE and MINNIE JOHNSON LAWRENCE, Claimants, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 16, 1992.*

*Order on petition for rehearing filed August 4, 1993.*

DAVID S. POCHIS and ALAN D. KATZ, LTD. (MILES M. DORE, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

1

## OPINION

BURKE, J.

On September 10, 1978, Claimants, Charles Lawrence and Minnie Johnson Lawrence were riding eastbound on the Eisenhower Expressway en route to a family gathering in Gary, Indiana. They entered the Eisenhower Expressway at the Austin Avenue entrance. Mr. Lawrence was operating the motorcycle and Minnie Johnson Lawrence was on the back of the motorcycle. It is the Claimants' contention that their vehicle became stuck in a longitudinal joint causing the motorcycle, which was travelling 50 to 55 miles per hour, to immediately stop, flinging them over the handlebars some 100 feet.

Mr. Lawrence admitted that he was driving a 1020 CC Kawasaki motorcycle on the date in question. He further admitted that he was not licensed to drive a motorcycle and that it was the largest motorcycle he ever owned. Mr. Lawrence stated that he was changing lanes and the next thing he knew he was flying through the air. As he flew through the air, he looked back for Minnie and noticed that the motorcycle was wiggling back and forth, stuck in some type of crevice or separation in the highway. He claims he landed approximately 100 feet away from the location of the bike. Mrs. Lawrence indicates that she was on the bike and the first sign to her that something unusual was occurring was that the bike just completely stopped and she tumbled forward. She

received injuries sufficient to keep her hospitalized, but did not suffer head injuries or broken bones.

This Court has repeatedly held that the State is not the insurer of persons traveling upon its highways, but that it does owe ordinary care in the maintenance of its highways. In order to recover on a claim of negligence, the Claimants must establish that there was negligence on the part of the State, that the negligence was the proximate cause of the injury and that the Claimant was not contributorily negligent. The evidence presented by the Claimants, while it is not contradicted, is simply not sufficient. The only evidence that the motorcycle upon which the Claimants were riding was actually stuck in a "groove" while traveling 55 miles per hour is the testimony of Mr. Lawrence that he observed the motorcycle as he was hurling through the air.

Claimants failed to sustain their burden of proof that it was the State's negligence which caused their injuries.

It is hereby ordered that the claim of Charles Lawrence and Minnie Johnson Lawrence is denied.

## ORDER

BURKE, J.

This cause coming to be heard upon Claimants' motion for rehearing and the Court being fully advised in the premises,

It is hereby ordered that Claimants' petition is hereby denied.